**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

WAYNE J. KING,                                    *

      Plaintiff                                    *

v.                                                          *          Case No. TDC-21CV515

U.S. AUTOMOBILE ASSOCIATION              *

      Defendant.                                  *

                             ****

## OPINION AND ORDER

This is a case concerning alleged wind and water damage to the residence of an insured individual.  Pending before the Court is Plaintiff, Wayne J. King's, Motion to Compel documents and the depositions of two individuals who signed a report relevant to the case.  Discovery in this case closed approximately one year ago.  ECF No. 25.  Additionally, since then, upon the Court's direction, the parties have completed briefing Defendant's Motion for Partial Summary Judgment.  ECF Nos. 18, 19, 20.  Nonetheless, more than seven months after the Motion was fully briefed, Plaintiff sought to re-open discovery to seek additional documents, as well as depose additional individuals.  ECF No. 22.  For these and the reasons discussed below, Plaintiff's Motion shall be denied.

On March 1, 2021, Plaintiff initiated this suit in this Court.  ECF No. 1.  On September 7, 2021, the Court entered a Scheduling Order providing, among other things, that discovery would close on February 14, 2022.  ECF No. 8, at 2.  On February 24, 2022, the parties provided the Court a Joint Status Report regarding the status of discovery.  ECF No. 13.  The report provided that on January 18, 2022 – less than one month before discovery was set to close – Plaintiff issued document requests and interrogatories to Defendant.  *Id.* at 2.  On March 2, 2022, the Court issued

a Letter Order setting "an end of discovery status telephone conference." ECF No. 14. After the conference, the Court issued an Order providing a schedule for the briefing of Defendant's Motion for Partial Summary Judgment. ECF No. 16. On December 27, 2022, the case was transferred from the Honorable Paul W. Grimm to the Honorable Theodore D. Chuang. Approximately one week after the case was transferred, Plaintiff filed a Notice of Intent to file a Motion to Compel. ECF No. 22. On January 12, 2022, the Court entered an Order allowing Plaintiff to file a Motion to Compel advancing some of the arguments addressed in the Notice. ECF No. 24. The Court specifically directed Plaintiff to "address why the Court should grant Plaintiff's Motion given the fact that discovery has closed." *Id.* On January 28, 2023, Plaintiff filed the Motion to Compel arguing that he should be allowed to depose the authors of a report produced as to why they did and did not consider certain evidence which Plaintiff believes relevant. *See* ECF No. 25, at 1-2. Additionally, Plaintiff stated without further elaboration that Defendant's response to Plaintiff's document requests was inadequate. *Id.* at 2.

Local Rule 104.8 requires that motions to compel be served within thirty days of the time that the moving party receives unsatisfactory responses to its discovery requests. U.S. District Court for the District of Maryland, Local Rule 104.8. In *Webb v. Green Tree Servicing LLC*, No. ELH 11–2105, 2012 WL 3139551, at *1 (D. Md. July 27, 2012), the plaintiff filed its motion to compel "well beyond" the thirty-day deadline set forth in Local Rule 104.8, and less than thirty days before the close of discovery. The Court noted that plaintiff's belated motion was troubling because if it were granted, it would disrupt the Scheduling Order by extending the discovery deadline. *Id.* As such, the Court denied plaintiff's motion to compel. *Id.*

While the failure to comply with Local Rule 104.8 will not always justify the denial of a Motion to Compel, it does in this case given the fact that discovery has been closed for several months. As this Court recently stated:

> In assessing the timeliness of a motion to compel compliance with a request for discovery, courts generally look[ ] to the deadline for completion of discovery . . . And[] [u]ntimeliness is sufficient ground, standing alone, to deny a discovery motion. Indeed, a Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.

*Crete Carrier Corp. v. Sullivan and Sons, Inc.*, No. ELH-21-0328, 2022 WL 1203652, at *21 (D. Md. April 21, 2022) (internal citations and quotation marks omitted).

Granting the pending Motion would substantially disrupt the proceedings in the case, given the fact that discovery closed more than nine months before Plaintiff provided notice of his intent to file the present Motion. In that interim period, the Court ordered the close of discovery, as well as set a schedule for the briefing of a Motion for Partial Summary Judgment. While it is possible that re-opening of discovery may be appropriate in a hypothetical case, here, Plaintiff has filed to provide any explanation as to why the Court should grant the Motion after the close of discovery, despite the Court's direct request. Accordingly, Plaintiff has failed to establish the good cause that is required to support such a request. *See* Fed. R. Civ. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

For the foregoing reasons, Plaintiff's Motion to Compel is, hereby, denied. So ordered.

Dated: March 9, 2023

_____/s/_____

Ajmel A. Quereshi
United States Magistrate Judge