UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

WAYNE J. KING,

    Plaintiff,

v.

UNITED STATES
AUTOMOBILE ASSOCIATION,

    Defendant.

Civil Action No. TDC-21-0515

## MEMORANDUM ORDER

Plaintiff Wayne J. King, a homeowner residing in Silver Spring, Maryland, has filed this civil action against Defendant United States Automobile Association ("USAA") in which he alleges that USAA, from which he obtained a homeowner's insurance policy, wrongfully failed to pay for damage to his home sustained during a storm. King alleges claims of breach of contract and insurance fraud. Pending before the Court is USAA's Motion for Partial Summary Judgment, which is fully briefed. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be GRANTED.

## BACKGROUND

King's home is insured by USAA. Between March 1, 2018 and March 3, 2018, King's home sustained damage during a windstorm. After the storm, King submitted a claim to USAA through which he requested that USAA pay for the damage to his home. USAA conducted an inspection of King's home and ultimately agreed to pay King for some, but not all, of the damage.

Specifically, USAA agreed to pay for damage to the ceiling of King's indoor pool, but declined to pay for any other damage.

On March 1, 2021, King filed the present action against USAA. In the operative Complaint, King alleges (1) a claim for breach of contract, based on USAA's refusal to pay for certain damages, in violation of the terms of King's homeowner's insurance policy; and (2) a claim for insurance fraud, based on King's allegation that USAA issued two reports with false statements relating to the windstorm and resulting damage in order to avoid paying its obligations under the insurance policy. King seeks compensatory and punitive damages. In response, USAA has filed an Answer to the breach of contract claim and a Motion for Partial Summary Judgment seeking judgment as a matter of law on the insurance fraud claim.

## DISCUSSION

In its Motion, USAA seeks partial summary judgment under Federal Rule of Civil Procedure 56(a). Specifically, it seeks summary judgment on the insurance fraud claim on the ground that Maryland law does not recognize first-party tort claims against insurers based on insurance coverage disputes.

### I.   Legal Standard

Under Rule 56(a), the Court grants summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing the Motion, the Court must believe the evidence of the nonmoving party, view the facts in the light most favorable to the nonmoving party, and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "A material fact is one 'that might affect the outcome of the suit under the governing law.'" *Spriggs v.*

*Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson*, 477 U.S. at 248). A dispute of material fact is "genuine" only if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

## II.    Insurance Fraud

USAA argues that it is entitled to summary judgment on the insurance fraud claim because Maryland law does not recognize first-party tort claims against insurers arising out of insurance coverage disputes. In the context of a "dispute between an insurance carrier and its insured," the relationship between the parties "does not warrant the imposition of tort duties." *Stephens v. Liberty Mut. Fire Ins. Co.*, 821 F. Supp. 1119, 1121 (D. Md. 1993). Instead, actions between insured individuals and their insurance carriers are generally confined to the realm of contract law. *Stephens*, 821 F. Supp. at 1122; *Johnson v. Fed. Kemper Ins. Co.*, 536 A.2d 1211, 1213–14 (Md. Ct. Spec. App. 1998); *Yuen v. Am. Republic Ins. Co.*, 786 F. Supp. 531, 533 (D. Md. 1992). In particular, Maryland law does not "recognize as a tort action the bad faith failure of an insurer to pay a first party claim." *Johnson*, 536 A.2d at 1213; *Yuen*, 786 F. Supp. at 533 ("[I]t is well-settled that there is no first party bad faith claim maintainable against an insurer under Maryland law.").

Notably, although a tort action is not available in an insurance dispute, Maryland has provided, by statute, an administrative procedure by which an insured party may seek to hold an insurer accountable for "[u]nfair claim settlement practices," such as misrepresenting facts or policy provisions, refusing to pay a claim for an "arbitrary and capricious reason," and failing to act in good faith in settling a first-party claim. Md. Code Ann., Ins. § 27–303 (West 2017); *see Stephens*, 821 F. Supp. at 1122. Through this procedure, the Maryland Insurance Commissioner may impose fines, penalties, restitution, and attorney's fees for such misconduct. Md. Code Ann., Ins. § 27–305. However, the statute specifically states that beyond the administrative remedies, it

3

does not provide a private right of action or cause of action to, or on behalf of, a claimant or other person in any state. *Id.* § 27–301(b)(2).

Thus, where King's allegation is that USAA failed to pay for damage sustained to his home in violation of his insurance policy, his claim is limited to one for breach of contract. He may not proceed on a tort claim such as fraud even if he alleges bad faith. *See Johnson*, 536 A.2d at 1213–14; *Stephens*, 821 F. Supp. at 1122; *Yuen*, 786 F. Supp. at 533. The Court will therefore grant the Motion as to the insurance fraud claim.

### III.  New Claims

In his memorandum in opposition to the Motion, King attempts to assert two new causes of action: negligent misrepresentation and a violation of the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law § 3–301(1) (West 2017). Generally, a plaintiff may not raise a new claim without amending the complaint. *Barclay White Skansa, Inc. v. Battelle Mem'l Inst.*, 262 F. App'x 556, 563–64 (4th Cir. 2008) (finding that a plaintiff could not amend his complaint though a brief in opposition to a motion for summary judgment); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984); *Tucker v. Union of Needletrades, Indus., and Textile Emp.*, 407 F.3d 784, 788–89 (6th Cir. 2005). Thus, King's claims for negligent misrepresentation and a violation of the MCPA are not properly before the Court. However, even if the Court were to consider the merits of the two additional claims, the Court would grant summary judgment as to these claims.

To establish a negligent misrepresentation claim, the plaintiff must show that: (1) the defendant, owing a duty of care to the plaintiff, negligently asserted a false statement; (2) the defendant intended that his statement would be acted upon by the plaintiff; (3) the defendant had knowledge that the plaintiff would probably rely on the statement, which, if erroneous, would

4

cause loss or injury; (4) the plaintiff, justifiably, took action in reliance on the statement; and (5) the plaintiff suffered damage proximately caused by the defendant's negligence. *Lloyd v. Gen. Motors Corp.*, 916 A.2d 257, 273 (Md. 2007). However, this claim fails because King generally may not assert a tort claim in this insurance coverage dispute. *See Johnson*, 536 A.2d at 1213; *Stephens*, 821 F. Supp. at 1121; *Yuen*, 786 F. Supp. at 533. Even if a negligent misrepresentation claim could be asserted in an insurance coverage case under certain circumstances, King has not alleged facts describing how each of the elements of such a claim could be established.

As for the MCPA, the relevant provision prohibits any "false, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers." Md. Code Ann., Com. Law § 13–301(1). Significantly, however, insurance companies authorized to conduct business in the state of Maryland are exempt from the provisions of the MCPA. *Id.* § 13–104(1). As an insurance company authorized to conduct business in Maryland, USAA is exempt from the MCPA. Thus, any claims for negligent misrepresentation or a violation of the MCPA fail as a matter of law.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that USAA's Motion for Partial Summary Judgment, ECF No. 18, is GRANTED.

Date: March 14, 2023

THEODORE D. CHUANG
United States District Judge

5